46 U.S. 134 (____)
5 How. 134
JOHN A. ROWAN AND JOHN L. HARRIS, COPARTNERS IN TRADE UNDER THE NAME AND STYLE OF ROWAN AND HARRIS, PLAINTIFFS IN ERROR,
v.
HIRAM G. RUNNELS, DEFENDANT IN ERROR.
SAME
v.
SAME.
Supreme Court of United States.

*135 Mr. Nelson, for the plaintiffs in error.
Mr. Bibb, for appellees.
*138 Mr. Chief Justice TANEY delivered the opinion of the court.
This action was brought in the Circuit Court for the Southern District of Mississippi, by the plaintiffs, upon a promissory note made to them by the defendant for $2,950.70, dated March 27th, 1839, and payable on the 1st of March, 1840.
The defendant offered in evidence that the only consideration of this note was certain slaves sold by the plaintiff to him in Mississippi in the year 1836, this note being given to take up former securities which had not been paid; and that the said slaves were introduced and imported into the State in the year last above mentioned, by the plaintiffs, as merchandise and for sale.
Upon this evidence, the court instructed the jury that if the slaves were so introduced after the 1st of May, 1833, the note was void, and their verdict must be for the defendant. The plaintiffs excepted to this instruction, and the verdict and judgment being against them, they have brought the case here by writ of error.
The Circuit Court held this contract to be illegal and void, under the following section of the constitution of Mississippi, adopted in 1832.
"The introduction of slaves into this State, as merchandise or for sale, shall be prohibited from and after the 1st day of May, 1833; provided the actual settler or settlers shall not be prohibited from purchasing slaves in any State in this Union, and bringing them into this State for their own individual use, till the year 1845."
The question presented in this case is precisely the same with that decided by this court in the case of Groves v. Slaughter, reported in 15 Peters, 449. And the court then held, after hearing a very full and elaborate argument, that the clause in the constitution of Mississippi, relied on by the defendant, which went into operation on the 1st of May, 1833, did not of itself prohibit the introduction of slaves as merchandise and for sale; and that contracts for the purchase and sale of slaves so introduced, made before the passage of the law of that State of May 13th, 1837, were valid and binding upon the parties. The reasoning, upon which that opinion was *139 founded, is fully set forth in the report of the case, and need not be repeated here.
It now appears, however, that the question has since been brought before the courts of the State, and it has been there settled by its highest tribunals that the clause in the constitution above referred to did, of itself and without any legislative enactment, prohibit the introduction of slaves as merchandise and for sale; and rendered all contracts for the sale of such slaves, made after May 1st, 1833, illegal and void. And it is argued that inasmuch as this court adopts the construction given by the State courts to their own constitution and laws, we ought to follow the decisions in Mississippi, and declare the contract before us to be void, notwithstanding the case of Groves v. Slaughter.
But we are not aware of any decision in this court which presses the rule so far, or that would justify this court in declaring contracts to be void upon this ground which upon the fullest consideration it has so recently held to be good. It will be seen, by a reference to the opinion delivered in the case of Groves v. Slaughter, that the court were satisfied not only that the construction it then placed on the constitution of Mississippi was the true one, but that it conformed to the construction upon which the legislature of the State had acted, and that the validity of these sales had not been brought into question in any of the tribunals of the State until long after the time when this contract was made; and that as late as the beginning of the year 1841, when Groves v. Slaughter was decided, it did not appear, from any thing before the court, that the construction of the clause in question had been settled either way, by judicial decision, in the courts of the State.
Acting under the opinion thus deliberately given by this court, we can hardly be required, by any comity or respect for the State courts, to surrender our judgment to decisions since made in the State, and declare contracts to be void which upon full consideration we have pronounced to be valid. Undoubtedly this court will always feel itself bound to respect the decisions of the State courts, and from the time they are made will regard them as conclusive in all cases upon the construction of their own constitution and laws.
But we ought not to give to them a retroactive effect, and allow them to render invalid contracts entered into with citizens of other States, which in the judgment of this court were lawfully made. For, if such a rule were adopted, and the comity due to State decisions pushed to this extent, it is evident that the provision in the constitution of the United States, which secures to the citizens of another State the right to sue in the courts of the United States, might become utterly useless and nugatory.
We are of opinion, therefore, that the decision in the case of Groves v. Slaughter must rule this case, and consequently that the judgment of the Circuit Court must be reversed.
*140 The same judgment must also be given in the other case before us between the same parties, as it depends on the same principles.
Mr. Justice DANIEL dissented
From the decision of the court pronounced in these causes, I feel myself constrained to dissent. The rule heretofore announced and uniformly observed by this court, with respect to the construction to be given to the constitutions and statutes of the several States, has been this:  that the interpretations put upon those constitutions and statutes by the supreme tribunals of the States respectively, should be received and followed as the true interpretation. This rule, so reasonable in itself, so inseparable from every idea of the competency, or indeed the very being of the systems of which those constitutions and statutes make an essential part, is not even now denied; but whilst it is, in general terms, assented to in the decision of these causes, it is in effect, if not in terms, by the same decision utterly overthrown. In the case of Groves et al. v. Slaughter, 15 Peters, 449, this court, as it was constrained to do in the absence of any interpretation by the State courts, gave its own construction to the constitution of Mississippi. Since the decision in Groves v. Slaughter, decisions of the Supreme Court of Mississippi, giving an interpretation to the constitution of that State, have become generally known,  they are familiar, unequivocal, uniform, numerous. That any or all of these expositions may have been made posterior to the decision of the cause of Groves v. Slaughter, I hold to be perfectly immaterial, so far as this circumstance can affect their force and validity. If these expositions establish the meaning of the constitution of Mississippi, such meaning must have relation to the period of the consummation of that instrument. The constitution has always been the same thing from the time of its adoption. It could not have been some other thing than the constitution, because it had not been interpreted to this court, and subsequently have become the constitution merely because its interpretation was then generally declared. The decision of the causes now before this court gives to the constitution of Mississippi different meanings at different periods of its existence, and deduces those meanings from circumstances wholly unconnected with the intrinsic signification of the terms of the instrument itself. Such a rule of interpretation involves, in my view, a contradiction which I am wholly unwilling to adopt.

Order.
This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the Southern District of Mississippi, and was argued by counsel. On consideration whereof, it is ordered and adjudged by this court, that the judgment *141 of the said Circuit Court in this cause be and the same is hereby reversed, with costs, and that this cause be and the same is hereby remanded to the said Circuit Court, with directions to award a venire facias de novo.